J-S21009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENNETH R. CALDWELL | : | |
| | : | |
| Appellant | : | No. 1255 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 23, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005791-2019

BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

CONCURRING/DISSENTING MEMORANDUM BY NICHOLS, J.:

**FILED APRIL 7, 2025**

I agree with the Majority that there was sufficient evidence to sustain Appellant Kenneth R. Caldwell's conviction for theft by unlawful taking[1] and that we must vacate Appellant's judgment of sentence and remand for the trial court to resentence Appellant at a lower grading. However, I disagree with the Majority's conclusion that Dr. Brenda Savage (Victim) only suffered a loss of $1,500. Therefore, to the extent the Majority concludes that the trial court must resentence Appellant for theft as a first-degree misdemeanor rather than a third-degree felony, I respectfully dissent.

By way of relevant background, the Commonwealth presented an audio recording of a jailhouse call between Victim and Appellant where they

_____

[1] 18 Pa.C.S. § 3921(a).

referenced Appellant taking $293,500 in cash from a wooden chest that Victim kept in her home; and Victim, who was approximately 85 years old at the time of trial, also testified that Appellant took about $300,000 in cash from the wooden chest. *See* N.T., 2/1/23, at 22, 80, 82. Although Victim was unable to articulate a logical basis for how she identified the amount of money that had been taken, the trial court ultimately assigned a value of $100,000 to this loss. *See* Trial Ct. Op., 19-22. At trial, Appellant admitted that he took an envelope of cash from Victim's home which contained an estimated amount of $1,500; this theft is corroborated by the audio recording of the jailhouse call and testimony from Victim. *See* N.T., 2/2/23, at 51-53, 61, 75, 81, 92; N.T., 2/1/23, at 52-53, 163-64. Appellant also testified that Victim gave him $3,500 for the purpose of purchasing a used vehicle and that, although he purchased the vehicle for $1,300, he did not return the remaining $2,200 to Victim. *See* N.T., 2/2/23, at 59.[2]

As noted by the Majority, a theft offense involving an amount between $100,000 and $500,000 is graded as a second-degree felony. *See* 18 Pa.C.S. § 3903(a)(5). If the amount involved is between $2,000 and $100,000, the offense is graded as a felony of the third degree, while an offense involving an amount between $200 and $2,000 is graded as a misdemeanor of the first degree. *See* 18 Pa.C.S. § 3903(a.1), (b).

_____

[2] At trial, Appellant testified that "Victim] gave me $3,500. I only paid about $1,300 for the truck. So, I had money left over from the money that she gave me[.]" N.T., 2/2/23, at 61.

In his brief, Appellant challenges the $100,000 figure that the trial court relied on to determine both the amount of restitution and the grading of Appellant's conviction as a felony.  **See** Appellant's Brief at 5, 20-23; Trial Ct. Op. at 26; Sentencing Form, 3/23/23.[3]

The Majority concludes that Appellant's theft conviction was improperly graded as a second-degree felony because "the trial evidence of the theft from the wooden chest is so weak, contradictory, and inconclusive, that, as a matter of law, no fact-finder could draw any probability of fact from the combined circumstances to establish that any amount was stolen from the wooden chest."[4]  Majority Mem. at 12; **see also id.** at 5 n.8, 12-15, 26; N.T., 2/1/23, at 52-53, 163-64; N.T., 2/2/23, at 10-11, 51-53, 61, 75, 81, 92.   On this record, I agree with the Majority that, even when viewed in the light most favorable to the Commonwealth, the evidence does not support the trial court's conclusion that Appellant stole approximately $100,000 in cash from Victim's wooden chest.  **See** Majority Mem. at 12.

However, I disagree with the Majority's conclusion that Victim only suffered a loss of $1,500, which impacts the grading of Appellant's theft

_____

[3] While Appellant frames his challenge to the grading of his theft conviction as a sufficiency-of-the-evidence claim, the Majority correctly concludes that a claim that the trial court improperly graded an offense implicates the legality of the sentence.  **See** Majority Mem. at 9, 11.

[4] For reasons discussed below, I disagree with the Majority's reasoning to conclude that the record does not support the trial court's finding.  **See** Majority Mem. at 15-22.

- 3 -

conviction on remand. As noted previously, Appellant admitted that he retained $2,200 from the funds that Victim gave him to purchase a used vehicle. *See* Majority Mem. at 3, 5 n.8, 26; *see also* N.T., 2/1/23, at 52-53, 163-64; N.T., 2/2/23, at 10-11, 51-53, 59, 61, 75, 81, 92. Therefore, I conclude that Victim's loss was $3,700, rather than $1,500. Accordingly, I would remand this case for the trial court to resentence Appellant for theft by unlawful taking, graded as a third-degree felony, and to impose restitution to Victim in the amount of $3,700. *See* 18 Pa.C.S. § 3903(a.1).

For these reasons, I respectfully concur in part and dissent in part from the Majority's decision.